J-S20041-16 & J-S20042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| M.K. | IN THE SUPERIOR COURT OF |
| | PENNSYLVANIA |
| Appellee | |
| | |
| v. | |
| | |
| S.K., | |
| | |
| Appellant | No. 1475 WDA 2015 |

Appeal from the Order August 10, 2015
in the Court of Common Pleas of Mercer County
Domestic Relations at No.: 35 DR 2010


| J.K., | IN THE SUPERIOR COURT OF |
| | PENNSYLVANIA |
| Appellee | |
| | |
| v. | |
| | |
| S.K., | |
| | |
| Appellant | No. 1476 WDA 2015 |

Appeal from the Order August 10, 2015
in the Court of Common Pleas of Mercer County
Domestic Relations at No.: 27 DR 1998


BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED APRIL 08, 2016**

_____

[*] Retired Senior Judge assigned to the Superior Court.

In these two related appeals, Appellant, S.K. (Father), appeals *pro se* from the trial court's orders of August 10, 2015 setting Father's monthly income at $1,500.00 per month for purposes of child support.[1] For the reasons discussed below, we affirm in part, vacate in part, and remand for further proceedings.

We take the underlying facts and procedural history in these matters from our independent review of the certified record.

Father and Appellee, J.K. (Mother I), have two children, one of whom is emancipated and the other is nearly age fourteen. Father and Mother I married in 1996, separated in 1997, reconciled in 1998, and permanently separated in 2003. It is not readily apparent from the record whether they divorced.

Father and Appellee, M.K. (Mother II), are the parents of two children ages ten and eight. Father and Mother II never married and separated in 2010.

As it relates to the orders that are the genesis of these appeals, on May 18, 2015, the Mercer County Domestic Relations Office (Domestic Relations) requested a review of these cases due to the pending emancipation of Father's oldest child. (*See* Petition for Modification of an

_____

[1] Appellant filed a single brief in these appeals. The trial court filed a single opinion. Because the issues are identical in both cases, in the interest of judicial economy, we will address the matters in one memorandum.

Existing Support Order, 5/19/15, at 2). Following a support conference, on June 23, 2015, the conference officer issued two Summar[ies] of Trier of Fact, noting Father's long history of failing to supply financial documents, being unable to explain the financial documents he did supply, and continually starting and dissolving companies, resulting in declarations of no more than minimal income to pay child support. (*See* Summary of Trier of Fact [J.K. v. S.K.], 6/23/15, at 2-3; Summary of Trier of Fact [M.K. v. S.K.], 6/23/15, at 2-3). The conference officer specifically noted that Father was paying more on his monthly car payment than he was for the support of four children and had done little to mitigate his income deficit. (*See id.* at 3). The conference officer recommended that Father pay $343.16 per month, plus thirty-four dollars in arrears for the support of his remaining minor child with Mother I; and $693.65 per month, plus seventy dollars in arrears for the support of his two children with Mother II. (*See id.* at 3).

Father sought *de novo* review. On August 7, 2015, the trial court held a hearing on both cases. All parties appeared *pro se*. At the hearing, over Father's objections, Mother II presented a series of documents in an effort to show that Father was living above his declared means and hiding income through his many companies. (*See* N.T. Support Hearing, 8/07/15, at 8-22). Father claimed all the evidence presented by Mother II were company expenses, paid through the company. (*See id.* at 23). Father's attempts to explain where the profit draws from his partnership went and how he was

paying his expenses were evasive and contradictory. (*See id.* at 23-27; *see also id.* at 27, 45 (claiming that he paid his parents rent but they did not pay his expenses and claiming he borrowed money from his parents to pay his bills)). Ultimately, the trial court had Father estimate his monthly expenses and fixed that amount, $1,500.00 per month, as his income. (*See id.* at 28-37). The trial court ordered that he pay child support in the amount of $252.00 per month for his child with Mother I and $253.00 per month per child for his two children with Mother II. (*See id.* at 45-46).

On August 27, 2015, Father sought reconsideration. The trial court denied the motion on August 28, 2015. The instant, timely appeal followed. On September 20, 2015, the trial court ordered Father to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Father filed a timely Rule 1925(b) statement on October 9, 2015. On October 21, 2015, the trial court issued an opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Father raises the following issues for our review:

1. [Did t]he [trial c]ourt commit[] an abuse of discretion and an error of law by reaching a net income level that is not supported by the evidence and testimony given in this case[?]

2. [Did t]he [trial c]ourt commit[] an abuse of discretion and an error of law by attributing income to [Father] that [did] not meet the definition requirements under 23 Pa.C.S.A. § 4302[?]

3. [Did t]he [trial c]ourt commit[] an abuse of discretion and an error of law by failing to apply the "Self Support Reserve" where the support amount set by the [trial c]ourt will clearly take [Father's] net income below the established amount set forth[?]

- 4 -

4. [Did t]he [trial c]ourt commit[] an abuse of discretion and an error of law by failing to grant [Father's] timely objections to evidence provided via email transmission by [Mother II] directly to the [trial c]ourt prior to the commencement of the hearing[?]

(Father's Brief, at 4).

Father's first three issues concern the trial court's award of child support. A parent's financial obligation to his children is absolute, "and the purpose of child support is to promote the child's best interests." **Morgan v. Morgan**, 99 A.3d 554, 557 (Pa. Super. 2014), *appeal denied*, 113 A.3d 280 (Pa. 2015) (citation omitted). Our scope and standard of review are as follows:

> In reviewing an order entered in a support proceeding, an appellate court has a limited scope of review. The trial court possesses wide discretion as to the proper amount of child support and a reviewing court will not interfere with the determination of the court below unless there has been a clear abuse of discretion. The function of the appellate court is to determine whether there is sufficient evidence to sustain the order of the hearing judge. An abuse of discretion is not merely an error of judgment; rather, it occurs when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable or the result of partiality, bias or ill-will.

**Style v. Shaub**, 955 A.2d 403, 406-07 (Pa. Super. 2008) (citation omitted).

In his first issue, Father claims that the trial court abused its discretion and committed an error of law by "reaching a net income level that is not supported by the evidence and testimony[.]" (Father's Brief, at 12). Specifically, Father avers that the trial court failed to "ensure it had before it all relevant forms of income documentation." (*Id.*). Further, Father

maintains that the trial court applied an unapproved method of income calculation (*see id.*); failed to review properly his income tax returns, (*see id.* at 13); and failed to credit that Father borrowed his living expenses, (*see id.* at 14). For the reasons discussed below, we find that Father waived his first claim.

In his Rule 1925(b) statement, Father enunciated this claim thusly, "[t]he [c]ourt committed an abuse of discretion and an error of law by reaching a net income level that is not supported by the evidence and testimony given in this case." (Concise [S]tatement of [Errors C]omplained of on [A]ppeal, Pursuant to Pennsylvania Rule of Appellate Procedure [§] 1925(b), 10/09/15, at unnumbered page 1). It is settled that "[A]ppellant's concise statement must properly specify the error to be addressed on appeal." *Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa. Super. 2011), *appeal denied*, 32 A.3d 1275 (Pa. 2011) (citation omitted). A Rule 1925(b) statement must "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). "[A] [Rule 1925(b) s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [Rule 1925(b) s]tatement at all." *Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa.Super. 2006); *see also* Pa.R.A.P.1925(b)(4)(vii) ("Issues . . . not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Here, it is impossible to discern from Appellant's vague and general Rule 1925(b) statement that he was making the very specific arguments raised in his brief. We have stated that, when a trial "court has to guess what issues an appellant is appealing, that is not enough for meaningful review." *Commonwealth v. Dowling*, 778 A.2d 683, 686 (Pa. Super. 2001) (citation omitted). Father's first claim as raised in his Rule 1925(b) statement lacks the requisite specificity required by our rules of court. Father does not identify how the court abused its discretion in the ruling, or, indicate how the Rules of Civil Procedure and the Domestic Relations Code were misapplied. Therefore, Father waived his first claim. *See Commonwealth v. Hernandez*, 39 A.3d 406, 411 (Pa. Super. 2012), *appeal denied*, 63 A.3d 1244 (Pa. 2013) (waiving claim where Appellant failed to specify error alleged); *see also Hansley*, *supra* at 415.

Further, Father's argument is undeveloped. His legal argument on this issue consists of a single cite to boilerplate law. (*See* Father's Brief, at 12). It is long-settled that failure to argue and to cite any authority supporting the argument constitutes a waiver of the issue on appeal. *See Jones v. Jones*, 878 A.2d 86, 90 (Pa. Super. 2005). This Court will not act as counsel and will not develop arguments on behalf of an appellant. *See Bombar v. West Am. Ins. Co.*, 932 A.2d 78, 94 (Pa. Super. 2007). When deficiencies in a brief hinder our ability to conduct meaningful appellate review, we can dismiss the appeal entirely or find certain issues to be

waived.  **See** Pa.R.A.P. 2101.  Because Father has failed to develop his first issue, he waived it on this basis as well.[2]  **See id.**; **see also Bombar**, **supra** at 94; **Jones**, **supra** at 90.

Moreover, it would not merit relief.  In this issue, Father devotes much time to complaining that the trial court should have in essence litigated his claim for him by rectifying Father's failure to supply relevant documentation. (**See** Father's Brief, at 12-14)  Further, he argues that the trial court should have assumed that Father was borrowing money to pay his expenses.  (**See id.**).  Father's remaining argument is simply a sometimes sarcastic critique of the trial court's findings and a reiteration of his claim, rejected below, that he has no income.  (**See id.**).  Father does not point to any misapplication of law on the part of the trial court.  Father's argument is, in essence, a claim that we should reevaluate the evidence in front of the trial court and weigh it in a manner more favorable to him.  It is not this Court's place to do so. **See Vargo v. Schwartz**, 940 A.2d 459, 471 (Pa. Super. 2007) ("As an

---

[2] We recognize that Father is proceeding *pro se*.

> Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant.  To the contrary, any person choosing to represent himself in a legal proceeding, must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

**Wilkins v. Marsico**, 903 A.2d 1281, 1284 (Pa. Super. 2006), *appeal denied*, 918 A.2d 747 (Pa. 2007) (citations omitted).

appellate court, we do not reweigh the evidence, and we do not substitute our judgment for that of the trial court."). We have reviewed the record in this matter and find no abuse of discretion on the part of the trial court. **See Style**, **supra** at 406-07. Even it Father had not waived his first issue, it would lack merit.

In his second issue, Father claims that the trial court abused its discretion and/or committed an error of law "by attributing income to [him] that do[es] not meet the definition requirements under 23 Pa.C.S.A. § 4302[.]" (Father's Brief, at 14). Specifically, Father avers that the trial court counted debts as income. (**See id.**). Father's second issue suffers from the same fatal flaws as his first issue. His Rule 1925(b) statement with respect to this issue is vague. (**See** Concise [S]tatement of [Errors C]omplained of on [A]ppeal, Pursuant to Pennsylvania Rule of Appellate Procedure [§] 1925(b), 10/09/15, at unnumbered page 1). Father's six-sentence argument on this issue is devoid of any legal citations or citations from the record. (**See** Father's Brief, at 14-15). It is impossible to discern the specific nature of his complaint. (**See id.**). Accordingly, Father waived his second claim. **See Hansley**, **supra** at 415; **see also Bombar**, **supra** at 94; **Jones**, **supra** at 90.

In his third issue, Father complains that the trial court erred "by failing to supply the 'Self Support Reserve' (SSR) where the support amount

- 9 -

. . . will clearly take [Father's] net income below the established amount. . . ." (Father's Brief, at 15). We agree.

"[T]he support guidelines set forth the amount of support which a spouse or parent should pay on the basis of both parties' net monthly incomes . . . and the number of persons being supported." Pa.R.C.P. 1910.16–1(a)(1). There is a rebuttable presumption that the guideline amount of child support is the correct amount. *See* Pa.R.C.P. 1910.16–1(d). Further, in low income cases, the guidelines provide for a self-support reserve so that a party has sufficient income for basic necessities. The support guidelines provide that an obligor, after payment of all child (and spousal) support obligations, should retain a livable net income, currently $931 per month. *See* Pa.R.C.P. 1910.16–2(e)(1). Under the guidelines, the livable net income, or SSR, applies in "low income cases" and "multiple family" situations. Pa.R.C.P. 1910.16–2(e)(1) and 1910.16–7(c).

Here, in its Rule 1925(a) opinion, the trial court acknowledges that its current support order leaves Father's monthly net income below the SSR. (*See* Trial Court Opinion, 10/21/15, at 5-6). The trial court asks that we remand the matter for entry of "appropriate orders" changing the monthly support amount. (*Id.* at 6). We will therefore remand this matter for entry of new support orders.

In his final issue, Father claims that the trial court erred in admitting into evidence certain unspecified documents, apparently relating to a credit

- 10 -

card, that Mother II sent to the court *ex parte*. (***See*** Father's Brief, at 15-19). We disagree.

> Admission of evidence is within the sound discretion of the trial court and we review the trial court's determinations regarding the admissibility of evidence for an abuse of discretion. To constitute reversible error, an evidentiary ruling must not only be erroneous, but also **harmful or prejudicial** to the complaining party. For evidence to be admissible, it must be competent and relevant. Evidence is competent if it is material to the issue to be determined at trial. Evidence is relevant if it tends to prove or disprove a material fact. Relevant evidence is admissible if its probative value outweighs its prejudicial impact. The trial court's rulings regarding the relevancy of evidence will not be overturned absent an abuse of discretion.
>
> . . . [A] court sitting as trier of fact is presumed to disregard inadmissible evidence and consider only relevant and competent evidence.

***Conroy v. Rosenwald***, 940 A.2d 409, 417 (Pa. Super. 2007) (citations omitted).

Here, while the trial court did admit the packets of documents from Mother II into evidence, (***see*** N.T. Support Hearing, 8/07/15, at 9), it did not consider them in rendering its decision. (***See*** Trial Ct. Op., at 6). Thus, even assuming, *arguendo*, that the trial court erred in admitting the packets, Appellant has not demonstrated that the admission harmed or prejudiced him. Therefore, his final claim is meritless and must fail. ***See Conroy***, ***supra*** at 417.

Accordingly, for the reasons discuss above we affirm the orders of August 10, 2015 in part, vacate in part, and remand for the entry of new orders correcting the support amount.

Orders affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/8/2016